```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

S.B.,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:19-00773

DAVID R. WILSON, FPC Alderson;
JERROD R. GRIMES, FPC Alderson;
RANDY KEYES, FPC Alderson;
SIS BROCE, FPC Alderson; and
THE UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant Jerrod S. Grimes' ("Grimes") Plea in Abatement to the Summons, (ECF No. 11), plaintiff's motion to strike Grimes' motion, (ECF No. 19), Grimes' motion for show cause, (ECF No. 22), and defendant United States of America's motion to dismiss plaintiff's demand for a jury trial as well as plaintiff's claims for punitive damages and attorney's fees asserted against the United States. (ECF No. 27.)

**A.  Grimes' Plea in Abatement, Plaintiff's Motion to Strike, and Grimes' Motion for Show Cause**

In defendant Grimes' Plea in Abatement, he appears to argue that plaintiffs do not have standing to sue him because he is insolvent and he is, somehow, a separate entity from the defendant Grimes being sued (i.e. himself). (See ECF No. 11.)

Defendant Grimes is representing himself pro se. "A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, even liberally construing Grimes' filing, the court cannot find any legitimate legal ground to support his motion. If defendant Grimes wishes to file a motion to dismiss that makes a cognizable legal claim, he may choose to do so. As for the instant motions, Grimes' motion, (ECF No. 11), is hereby **DENIED**, and plaintiff's motion to strike, (ECF No. 19), is **GRANTED**.

Grimes' motion for show cause, (ECF No. 22), seeks the court to order plaintiff to respond to his Plea in Abatement motion. First, plaintiff did file a response to the Plea in Abatement: the motion to strike. (See ECF No. 19.) Second, the court can find no legitimate legal claims made in the Plea in Abatement to order plaintiff to respond to. Third, the court has already dismissed his Plea in Abatement motion. See supra. For these reasons, defendant Grimes' motion for show cause, (ECF No. 22), is **DENIED**.

**B.  United States' Motion to Dismiss**

Defendant United States moves the court to "enter an order dismissing the plaintiff's demand for a jury trial as well as the plaintiff's claims for punitive damages and attorney's fees asserted in the Complaint, insofar as the plaintiff is asserting

2

those claims against the United States in the Federal Tort Claims Act ("FTCA") action." (ECF No. 27.) Plaintiff filed a response arguing that the requested relief was appropriate for plaintiff's Bivens claims, but not opposing the dismissal sought by the United States in its motion. (See ECF No. 30.) The United States replied that the United States Attorney's Office does not represent the individually named defendants in this matter, and the United States is not defending and cannot be held liable for any Bivens action. (ECF No. 31.)

The court **GRANTS** the United States' motion for the following reasons. First, as to plaintiff's demand for a jury trial, the United States has not waived its sovereign immunity under the FTCA to entitle a plaintiff to a right to a jury trial. See Lehman v. Nakshian, 453 U.S. 156, 159 (1981) ("It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government.").[1] Congress has barred jury trials against the United States in FTCA cases, except for cases initiated for tax refunds. See 28 U.S.C. § 2402. Second, as to plaintiff's claim

---

[1] While one of the plaintiff's claims is asserted under the limited waiver of sovereign immunity in the FTCA, this limited waiver does not include the entitlement or right to a jury trial. See 28 U.S.C. § 2402; see also Estate of Miller v. United States, 157 F. Supp. 2d 1071, 1076 (S.D. Iowa 2001) (granting United States' motion to strike plaintiffs' jury demand as there is no right to a jury trial under the FTCA).

for punitive damages, according to the express provisions of 28 U.S.C. § 2674, the FTCA expressly prohibits the recovery of punitive damages against the United States.  And third, as to attorney's fees, the sovereign immunity of the United States bars collection of attorney's fees in FTCA cases. <u>Joe v. United States</u>, 772 F.2d 1535, 1536-37 (11th Cir. 1985) ("The doctrine of sovereign immunity bars an award of attorneys' fees against the United States unless there is express statutory authorization . . . The FTCA does not expressly provide for attorneys' fees against the United States.").

**C.   Conclusion**

For the foregoing reasons, defendant Grimes' Plea in Abatement, (ECF No. 11), is hereby **DENIED**; plaintiff's motion to strike Grimes' Plea in Abatement, (ECF No. 19), is **GRANTED**; defendant Grimes' motion for show cause, (ECF No. 22), is **DENIED**; and defendant United States' motion to dismiss plaintiff's demand for a jury trial and her claims for punitive damages and attorney's fees asserted against the United States, (ECF No. 27), is **GRANTED.**

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 17th day of August, 2020.

ENTER:

David A. Faber
Senior United States District Judge